Jasen, J.
(dissenting). I concur with Chief Judge Breitel’s analysis of the issue of the railroads’ liability. I cannot, however, subscribe to the proposition that the city was responsible, as a matter of law, for the injuries sustained by the plaintiff’s intestate. The city did erect a fence between its playground and the adjoining railroad property and made continuing efforts to maintain it. The difficulty was that the children, in order to use the railroad property as a shortcut route to school, kept cutting holes in the fence. The only way to have maintained an adequate childproof barrier between the playground and the railroad property was to station parkkeepers on the playground on a permanent basis. Under the circumstances, I believe that such a requirement would be unreasonably burdensome. The city provided a playground that in itself was reasonably safe and secure and made efforts to prevent children from crossing from the playground to the railroad property. The city is not an insurer against injury arising from activities conducted, or conditions existing, on adjoining or neighboring property. Accordingly, I would affirm the order of the Appellate Division in its entirety.
Judges Gabrielli, Jones, Fuchsberg and Cooke concur with Judge Wachtler; Chief Judge Breitel concurs in part and dissents in part and votes to modify in a separate opinion; Judge Jasen dissents and votes to affirm in another opinion.
Order modified and the case remitted to Supreme Court, Queens County, for a new trial in accordance with the opinion herein, with costs to abide the event, and, as so modified, affirmed, without costs.